UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PERFECT BODY IMAGE, LLC d/b/a
PERFECT BODY LASER AND AESTHETICS,

                        Plaintiff,                    **ORDER**

     -against-                      24-CV-982-SJB-LGD

PERFECT BODY AESTHETICS STUDIO,
PERFECT BODY LLC, PERFECT BODY SPA LLC,
PERFECT BODY ESTHETICS LLC, and
CRYSTAL IRELAND
                      Defendants.
----------------------------------------------------------------X

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

      Plaintiff Perfect Body Image, LLC d/b/a Perfect Body Laser and Aesthetics has filed a motion for default judgment. (Mot. for Default J. dated Jan. 31, 2025, Dkt. No. 13). The motion contains procedural and substantive deficiencies that require denial of the motion, to wit:

1. Service of the summons and complaint has not been demonstrated to have been accomplished consistent with Federal Rule of Civil Procedure 4. Plaintiff bears the burden of demonstrating that service on each of the Defendants against whom default is being sought is proper. A renewed motion must contain a memorandum of law—which is absent in the present motion—and must explain, with citation to the relevant provision of the Michigan and/or New York long-arm statutes, *see* Fed. R. Civ. P. 4(e)(1), that service was effectuated consistent with those requirements.

2. The Clerk of Court has not entered default against Defendant Perfect Body Aesthetics Studio, a party against whom default judgment is being sought. *See* Fed. R. Civ. P. 55(a) & Local Civil Rule ("LR") 55.1. And, therefore, no default judgment can be entered against that defendant.

3. Several documents required for the default judgment motion have not been submitted. Specifically, Plaintiff has failed to file a:

    a. Memorandum of Law. The required memorandum of law must explain for each cause of action the factual allegations in the Complaint that demonstrate liability. LR 55.2(a)(2).

   b. Proposed Order detailing the proposed judgment to be entered. LR 55.2(a)(2).

   c. Separate Statement of Damages, sworn or affirmed by a person with knowledge, that (i) provides a basis for each type of damages sought—"Plaintiff's good faith estimate" is insufficient without receipts—and (ii) calculates attorney's fees, costs, and, absent here, interest. The statement of damages must also include invoices and receipts for costs. LR 55.2(c).

4. The Certificate of Service is inadequate because it states only that the Motion for Default Judgment was served, not all documents in support of the request (some of which Plaintiff has failed to submit). The Certificate of Service also does not indicate whether it was sent to each Defendant's last known residence (for individuals) or business address (for other defendants). LR 55.2(a)(3).

Because this is the first denial of the motion for default judgment, the motion is denied without prejudice to renewal. The motion may be renewed no later than 5/16/2025, correcting these deficiencies. Failure to renew the motion may lead to dismissal of the Complaint and a direction that the Clerk of Court close the case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Dated: April 16, 2025
      Central Islip, New York